ACCEPTED
15-25-00109-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/24/2025 3:08 PM
CHRISTOPHER A. PRINE
CLERK

**No. 15-25-00109-CV**

# In the Court of Appeals
# for the Fifteenth Judicial District
# Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/24/2025 3:08:49 PM
CHRISTOPHER A. PRINE
Clerk

———

IN RE STORABLE, INC.; REDNOVA LABS, INC. (D/B/A STOREDGE);
SITELINK SOFTWARE, LLC; EASY STORAGE SOLUTIONS, LLC; BADER CO.;
AND PROPERTY FIRST GROUP, LP,
*RELATORS.*

———

*On Petition for a Writ of Mandamus to the*
*Third Division of the Texas Business Court*

———

**REAL PARTY IN INTEREST'S RESPONSE IN OPPOSITION**
**TO RELATORS' EMERGENCY MOTION FOR STAY**

———

JUDD E. STONE II
  State Bar No. 24076720
CHRISTOPHER D. HILTON
MICHAL R. ABRAMS
CODY C. COLL
ALEXANDER M. DVORSCAK
**STONE HILTON PLLC**
600 Congress Ave., Suite 2350
Austin, Texas 78701
judd@stonehilton.com
(737) 465-7248

*Counsel for Real Party in Interest*
*SafeLease Insurance Services, LLC*

## TABLE OF CONTENTS

Table of Contents ................................................................................i

Index of Authorities ...........................................................................ii

Introduction ......................................................................................1

Argument ..........................................................................................2

I.     The parties do not compete for *these* customers. ...........................2

II.    Under the Business Court's protective order, only outside counsel can view the customer list. ...........................................................2

III.   Storable's willingness to produce the list to others shows that its concerns are empty...................................................................3

IV.   SafeLease will be prejudiced by a stay because the list is needed to oppose Storable's pending summary judgment motion..................4

V.    In any event, the customer list is not a trade secret. ......................5

Prayer ...............................................................................................6

Certificate of Service ..........................................................................7

# INDEX OF AUTHORITIES

**Cases**

*Kana Energy Servs., Inc. v. Jiangsu Jinshi Mach. Grp. Co.*,
  565 S.W.3d 347 (Tex. App.—Houston [14th Dist.] 2018, no pet.) .........6

*Rsch. Equip. Co., Inc. v. C.H. Galloway & Sci. Cages, Inc.*,
  485 S.W.2d 953 (Tex. App.—Waco 1972, no writ)................................5

*SCM Corp. v. Triplett Co.*,
  399 S.W.2d 583 (Tex. App.—San Antonio 1966, no writ).................5, 6

## INTRODUCTION

Storable's alleged trade secret is not at risk, so a stay is not needed to preserve it while the Court considers Storable's mandamus petition. That petition challenges the Business Court's order compelling Storable to produce the list of customers using its facility management software (FMS) and depends primarily on whether the list is a trade secret. It is not. But even if it were, Storable's worries that the secret will be lost forever if produced are unfounded. SafeLease is not Storable's FMS competitor, and the list will be adequately shielded from improper disclosure by the protective order that Storable helped draft and agreed to. Indeed, no one within SafeLease will be able to view the list—only its outside attorneys. And Storable's admitted willingness to share the list with others—just not SafeLease's outside attorneys—shows that its worries are without cause. A stay therefore is not needed to preserve the alleged trade secret.

Moreover, SafeLease will be prejudiced by a stay. Storable is seeking summary judgment on SafeLease's attempted monopolization claim while refusing production of evidence needed to oppose that motion. Storable's attempts to game discovery should not be rewarded.

1

There is no bell here that cannot be unrung. Storable's motion to stay should be denied.

## ARGUMENT

## I.   The parties do not compete for *these* customers.

Storable tries to manufacture urgency by misleadingly stating that it and SafeLease are competitors. Mot. at 2, 3, 4. But as the Business Court recognized when it ordered Storable to produce the list, "the customer list at issue is for Storable's FMS customers. SafeLease does not compete in the FMS market." 16MR291. Rather, Storable and SafeLease compete in the *separate* tenant-insurance market.

Storable is therefore wrong to complain that a stay is needed to keep its alleged trade secret from being put "in the hands of a competitor." Mot. at 3. Storable and SafeLease do not compete for FMS customers, so no such threat to Storable's alleged trade secret exists.

## II.  Under the Business Court's protective order, only outside counsel can view the customer list.

Storable's alleged trade secret is not at risk because it will be fully protected from improper disclosure. The Business Court entered an agreed protective order—that Storable helped draft—that includes an Outside Counsel's Eyes Only designation. 6MR109. That designation

2

includes "trade secrets," which "may not be disclosed to any party or employee, representative, or affiliate of a party, except by agreement or a subsequent Order by this Court." *Id.* Storable therefore anticipated the disclosure of trade secrets and agreed to appropriate safeguards for when they are produced.

Only SafeLease's outside attorneys will have access to this list. No one within SafeLease's business will be able to see it. Indeed, just yesterday the Business Court tried to mollify Storable's concern about inadvertent disclosure by taking an extra precaution—excluding one of SafeLease's long-time attorneys, Mr. Locke, from viewing the list. 32MR1077 (but noting that the "precaution in no way reflects on the integrity or professionalism of Mr. Locke, which the Court does not question"). The alleged trade secret will therefore remain protected under the safeguards to which Storable agreed even after production. Thus, no stay is needed to preserve it.

## III. Storable's willingness to produce the list to others shows that its concerns are empty.

Storable admits that it is willing to disclose its alleged trade secret to others, just not to SafeLease's outside attorneys. Mot. at 3; 15MR285. That admission reveals the hollowness of Storable's concerns. Storable's

3

willingness to allow SafeLease's expert to view the list—under the same protective order that applies to SafeLease's outside attorneys—and to allow a non-party to view it shows that Storable understands two important facts it tries to deny. First, that the agreed protective order here adequately protects its alleged trade secret, and second, that producing its alleged trade secret in this litigation will not irrevocably lose or compromise the information.

All is not lost forever simply because a party produces a trade secret in litigation, especially where there are adequate protections in place, as here. Storable's admission shows that it knows this.

## IV. SafeLease will be prejudiced by a stay because the list is needed to oppose Storable's pending summary judgment motion.

Storable is wrong that a stay will not prejudice SafeLease. Storable has a pending summary judgment motion arguing that SafeLease has "no evidence" and "zero evidence" to support its attempted monopolization claim. 17MR300, 310, 312, 320-21. That claim is based on Storable's leveraging its market dominance in the FMS market to try to monopolize the tenant-insurance market. And Storable's market dominance in FMS is part of why Storable has a dangerous probability of

4

succeeding. This customer list, which is needed to establish Storable's FMS market share and, hence, market dominance, is important evidence in support of that claim.

Storable is seeking summary judgment on a claim while trying to deny SafeLease evidence needed to support that claim. Thus, a stay on needed discovery will prejudice SafeLease, whose summary judgment response is due July 11.

## V.     In any event, the customer list is not a trade secret.

Even if Storable's concerns had merit, a stay nevertheless would not be required because its FMS customer list is not a trade secret.

A customer list presents no advantage to competitors and, hence, is not a trade secret, when the customers belong to a "well-defined class" that can be readily ascertained. *Rsch. Equip. Co., Inc. v. C.H. Galloway & Sci. Cages, Inc.*, 485 S.W.2d 953, 956 (Tex. App.—Waco 1972, no writ). Such customer lists "are not a trade secret" because "everyone knows [these customers] buy from someone." *SCM Corp. v. Triplett Co.*, 399 S.W.2d 583, 587 (Tex. App.—San Antonio 1966, no writ).

That is the case here. Storable provides FMS *only* to self-storage facilities, and almost all self-storage facilities use an FMS product. So

"everyone knows" that these customers "buy from someone." *Id.* The members of the class are readily ascertainable through things like internet searches given the public-facing nature of self-storage facilities. *See Kana Energy Servs., Inc. v. Jiangsu Jinshi Mach. Grp. Co.*, 565 S.W.3d 347, 355-56 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (no trade secret in customer identities ascertainable through internet searches and phone calls). Storable's FMS customer list therefore is not a trade secret.

Disclosing this non-secret list under an entered protective order to another party's outside attorneys—especially when that party does not compete for FMS customers—will not harm Storable.

## PRAYER

The Court should deny the requested stay.

Respectfully submitted.

June 24, 2025

/s/ *Judd E. Stone II*
JUDD E. STONE II
  State Bar No. 24076720
CHRISTOPHER D. HILTON
MICHAL R. ABRAMS
CODY C. COLL
ALEXANDER M. DVORSCAK
**STONE HILTON PLLC**
600 Congress Ave., Suite 2350
Austin, Texas 78701
judd@stonehilton.com
chris@stonehilton.com
michael@stonehilton.com
cody@stonehilton.com
alex@stonehilton.com
(737) 465-7248

*Counsel for Real Party in Interest*
*SafeLease Insurance Services, LLC*

On June 24, 2025, this document was served on counsel for all parties, via the Court's electronic filing system.

/s/ *Cody C. Coll*
Cody C. Coll

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bonnie Chester on behalf of Judd Stone
Bar No. 24076720
accounts@stonehilton.com
Envelope ID: 102370226
Filing Code Description: Response
Filing Description: 20250624 SafeLease Response to Emerg Mtn for Stay
Status as of 6/24/2025 3:20 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Delonda Dean | | ddean@yettercoleman.com | 6/24/2025 3:08:49 PM | SENT |
| Yetter Coleman | | efile@yettercoleman.com | 6/24/2025 3:08:49 PM | SENT |
| Courtney Smith | | csmith@yettercoleman.com | 6/24/2025 3:08:49 PM | SENT |
| Julia Risley | 24132932 | jrisley@yettercoleman.com | 6/24/2025 3:08:49 PM | SENT |
| Judd Stone | | Judd@stonehilton.com | 6/24/2025 3:08:49 PM | SENT |
| Christopher Hilton | | chris@stonehilton.com | 6/24/2025 3:08:49 PM | SENT |
| R. Paul Yetter | | pyetter@yettercoleman.com | 6/24/2025 3:08:49 PM | SENT |
| Susanna Allen | | sallen@yettercoleman.com | 6/24/2025 3:08:49 PM | SENT |
| Luke A.Schamel | | lschamel@yettercoleman.com | 6/24/2025 3:08:49 PM | SENT |
| Shannon Smith | | ssmith@yettercoleman.com | 6/24/2025 3:08:49 PM | SENT |
| Justin Bernstein | | bernsteinju@gtlaw.com | 6/24/2025 3:08:49 PM | SENT |
| Alyssa Smith | | asmith@yettercoleman.com | 6/24/2025 3:08:49 PM | SENT |
| Dale Wainwright | | dale.wainwright@gtlaw.com | 6/24/2025 3:08:49 PM | SENT |
| Cody Coll | | cody@stonehilton.com | 6/24/2025 3:08:49 PM | SENT |
| Rosalinda Luna | | rosie@stonehilton.com | 6/24/2025 3:08:49 PM | SENT |

Associated Case Party: Safelease Insurance Services, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Susanna Allen | 24126616 | sallen@yettercoleman.com | 6/24/2025 3:08:49 PM | SENT |